UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Civil Action No.:
CARMEN REXACH, on behalf of herself individually
and all others similarly situated,



                                  Plaintiff,

        -against-                            **CLASS ACTION**
                                         **COMPLAINT**

NORTHSTAR LOCATION SERVICES, LLC.        **13 CV 7158**

                                   Defendant.     **JUDGE CARTER**
------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

        1.    That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

        2.    That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. That this Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. That this Court has venue pursuant to 28 U.S.C. § 1391(b), in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. That plaintiff is a natural person who resides in this District.

6. That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) in that she is a natural person who is alleged by defendant to owe a financial obligation.

7. That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect is a defaulted debt which was originally incurred, if at all, for personal, family or household purposes as it pertained to the lease of a vehicle for personal use.

8. That plaintiff is a reasonable consumer who acted reasonably under the circumstances alleged herein.

9. That defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

10. That defendant uses the mail to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. That the principal purpose of defendant's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. That upon information and belief, defendant is a domestic limited liability company.

## FACTUAL ALLEGATIONS

14. That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That by letter dated October 9, 2012 defendant wrote to plaintiff in an attempt to collect a debt.

16. That in the letter defendant stated that it was collecting the debt on behalf of TD Auto Finance, LLC.

17. That in the letter defendant stated that TD Auto Finance is the creditor of the debt.

18. That in said letter defendant states, in pertinent part:

"You will be charged a transaction fee in the amount of $9.95 when you pay by check-by-phone, credit or debit card payment, unless prohibited by state or federal law."

## AS AND FOR A FIRST CAUSE OF ACTION

### Improper statement of a $9.95 transaction fee

FDCPA, §§ 1692f, 1692f(1), 1692e, 1692e(2)(B), 1692e(5) and 1692e(10)

19. That plaintiff re-alleges paragraphs 1-18 as if fully re-stated herein.

20. That defendant's statement in its letter that "[y]ou will be charged a transaction fee in the amount of $9.95 when you pay by check-by-phone, credit or debit card payment, unless prohibited by state or federal law " is improper.

21. That the $9.95 transaction fee is a fee charged by defendant.

22. That the $9.95 transaction fee is a fee collected by defendant.

23. That defendant retains the $9.95 transaction fee for check-by-phone, credit and debit card payments.

24. That the transaction fee of $9.95 is not expressly authorized by any agreement that plaintiff has with TD Auto Finance.

25. That the transaction fee of $9.95 is not permitted by any applicable law.

26. That, as and for an alternative, defendant retains a portion of the $9.95 transaction fee.

27. That defendant's retention of a portion of the $9.95 transaction fee is not expressly authorized by any agreement that plaintiff has with TD Auto Finance.

28. That defendant's retention of a portion of the $9.95 transaction fee is not permitted by any applicable law.

29. That defendant's statement that the transaction fee will be charged "unless prohibited by state or federal law" does not save defendant's improper statement.

30. That in as much as no applicable New York State law permits defendant to charge the $9.95 transaction fee defendant's attempt to charge that fee will always be prohibited by state law.

31. That in as much as no applicable federal law allows defendant to charge the $9.95 transaction fee, defendant's attempt to charge that fee will always be prohibited by federal law.

32. That defendant's attempt to hedge its improper statement about the charging of the $9.95 transaction fee is therefore ineffectual.

33. That defendant's statement in its collection letter of a $9.95 transaction fee for check-by-phone, credit and debit card payments is an attempt to collect an amount which is not permitted by the FDCPA, § 1692f(1).

34. That defendant's statement in its collection letter of a $9.95 transaction fee for check-by-phone, credit and debit card payments constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f.

35. That, further, defendant's statement in its collection letter of a $9.95 transaction fee for check-by-phone, credit and debit card payments also falsely represents the compensation which may be lawfully received by defendant for the collection of the debt, in violation of the FDCPA, including but not limited to § 1692e(2)(B).

36. That, further, defendant's statement in its collection letter of a $9.95 transaction fee for check-by-phone, credit and debit card payments constitutes a false, deceptive and misleading representation or means used by defendant in connection with the collection of a debt, in violation of the FDCPA, §§ 1692e and 1692e(10).

37. That, further, defendant's statement in its collection letter of a $9.95 transaction fee for check-by-phone, credit and debit card payments is a threat to take an action that cannot be legally taken, *viz.*, to charge a fee for all check-by-phone, credit and debit card payments that is not authorized by any applicable law or by any agreement between plaintiff and TD Auto Finance which created the alleged debt, and is therefore a violation of the FDCPA, § 1692e(5).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYGBL § 349

38. That plaintiff re-alleges paragraphs 1 to 37 as if fully re-stated herein.

39. That defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

40. That defendant's improper statement about the $9.95 transaction fee shows a lack of exercise of reasonable care in defendant's collection of the alleged debt.

41. That defendant breached its duty to collect plaintiff's alleged debt with reasonable care.

42. That said deceptive and misleading acts and practices were committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State.

43. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that each of the letters in which defendant included the improper statement is a form collection letter which defendant sends to hundreds, if not thousands, of consumers in New York State each month.

44. That defendant's said statement in its letter has a broad impact on consumers at large whose accounts are placed with defendant for collection.

45. That plaintiff believed that defendant was entitled to charge her a $9.95 transaction fee if she were to try to make a payment by check-by-phone, credit or debit card.

46. That, therefore, defendant's statement in its letter to plaintiff is deceptive and misleading in a material way.

47. That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

48. That plaintiff suffered surprise, emotional anxiety, stress and confusion upon receiving defendant's letter threatening to charge a fee of almost $10 if she were to try to pay the alleged debt by check-by-phone, credit or debit card.

49. That defendant violated NYGBL § 349(a) and is liable to plaintiff pursuant to NYGBL § 349(h).

## CLASS ALLEGATIONS

50. That plaintiff re-alleges paragraphs 1-49 as if fully re-stated herein.

51. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter to plaintiff dated October 9, 2012; (b) the collection letter was sent to a consumer seeking payment of a consumer debt allegedly owed to TD Auto Finance, LLC.; (c) the collection letter was not returned by the postal service as undelivered; and (d) the collection letter states, in sum or substance:

> "You will be charged a transaction fee in the amount of $9.95 when you pay by check-by-phone, credit or debit card payment, unless prohibited by state or federal law."

52. That the class does not include defendant or persons who are officers, directors, or employees of defendant.

53. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e, 1692e(2)(B), 1692e(5), 1692e(10), 1692f and 1692f(1) by including the statement about the $9.95 transaction fee.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

54. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

55. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

56. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

57. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(e) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f) statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g) actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(i) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
October 9, 2013.

_____
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com